ZADOC STAAB and another

*v.*

EUSEBIO GARCIA Y ORTIZ.

January Term, 1884.

1. PROMISSORY NOTE—GENERAL ISSUE.
  In a suit on a promissory note, a partial failure of consideration may be proved under the general issue, and is a good defense *pro tanto.*
2. SAME—PLEADING—SET-OFF.
  Under the New Mexico practice act of 1880, (Prince, St. p. 124, § 11, subd. 3,) new matter constituting a cause of action in favor of defendant is available as a set-off. even in an action on a note given in final settlement of account between the parties.
3. SAME—EVIDENCE—CONDITION PRECEDENT.
  Where it is clear from the evidence that certain goods were not to be paid for until the quartermaster's receipt or voucher had been issued, no action can be maintained for such goods without proof of its issuance.

Appeal from the district court of the First judicial district, county of San Miguel; PRINCE, C. J.

*W. T. Thornton,* for appellants.

*S. M. Barnes,* for appellee.

BELL, J.   This is an action of *assumpsit* against the defendant, on a promissory note made by him to the plaintiffs, and was brought in the district court of San Miguel county, but subsequently moved by a change of venue to Santa Fe county.   The defendant pleaded the general issue and also filed a plea of set-off, with a bill of particulars of the same.   The cause was tried by a jury and judgment rendered on the verdict for plaintiffs for the sum of $31.22.   Plaintiffs have appealed from that judgment, and counsel, in their behalf, has filed numerous assignments of error.   It will not be necessary for us to consider all these assignments, most of them being immaterial, in our judgment.   We shall confine ourselves to the consideration of the three errors alleged, which we regard as the most important.

It is urged by the plaintiffs that a partial failure of consideration could not be shown under the general issue, and that, therefore, the court below erred when it permitted the defendant to show partial failure of the consideration upon which the promissory note in suit was given.   This was not error, in our judgment.   The right of the defendant to prove partial failure of consideration in an action on a promissory note, under the settled rules, cannot, we think, be doubted.   Edw. Bills, § 467.   The author there says: "It is now settled that this doctrine is applicable even when the defendant imputes no fraud, but only complains that there has been a breach of contract on the

part of the plaintiffs;" and same author says, (Id. § 469 :) "Where the note given on the settlement of the account is by mistake drawn for a greater sum than was due, there is only a partial want or failure of consideration. * * * There is a plain distinction between mere inadequacy and a total or partial failure of consideration. Inadequacy of consideration is not, in itself, any defense to an action on a bill or note, but a total failure or want of consideration is a perfect defense, and a partial failure is a good defense *pro tanto*." The same doctrine is laid down by Greenleaf, from whom it is not necessary to quote, but I cite 2 Greenl. (13th Ed.) § 136, and notes.

These authorities also dispose of the claim made by plaintiffs' counsel that the note having been made in final settlement of the account between the parties, cannot be met by a defense of set-off; but if there is any doubt on that subject, it seems clear to us that, under the Statutes of the territory in this case, the defendant was clearly entitled to his plea of set-off. Section 11 of the practice act of 1880, Prince's Comp'n, 124, is as follows: "A defendant may plead as set-off or counter-claim any of the following matters, and may recover judgment thereon, if proved, for any excess thereof over the plaintiffs' demand as proved,—*First*, when the action is founded on contract, a cause of action also arising on contract, or ascertained by the decision of a court; or, *second*, a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some one of them, arising out of the transactions or contracts set forth in the declaration or connected with the subject of the action; or, *third*, any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead."

It is further claimed by plaintiffs that, under the plea of set-off, the defendant was not entitled to show a failure to deliver some of the goods for which the note in suit was given, as though they were goods sold and delivered by the defendant to the plaintiffs. I do not understand that it is claimed that such failure could not be made the subject of a cross-action, but in that form it could not be shown, as the defendant claimed he had a right to show it, *i. e.*, under a plea of goods sold and delivered. This in our opinion is not the law. Averments of a plea of set-off are sufficient when they would disclose a cause of action if embodied in a declaration. *Breen* v. *Sullivan*, 5 Bradw. 449.

The rules applicable to defendant's bill of particulars are the same as those applicable to the plaintiff's bill. Burrill, Pl. 433, (4th Ed.) 1840. These rules require that the bill should set forth the nature of the defendant's claim with sufficient particularity to enable the plaintiffs to meet it at the trial. It should state the items of the demand, and when and how it arose. * * * It need not be in any partic-

ular form. Id. 432. It seems that the object of the rule is to fully and thoroughly apprise the plaintiffs of what the claim of the defendant is, so that they shall not be misled or taken by surprise, and that where, as in this case, the bill of particulars shows exactly what the various items of defendant's claim are, that objection is not well taken—to the mere form in which it was put. · The defendant was permitted to show failure of plaintiffs to deliver certain goods under the specifications in his bill of particulars; that they were goods sold and delivered by him to the plaintiffs. Were the plaintiffs in any way misled or prejudiced thereby? We think not. It is not so claimed by plaintiffs' counsel, and therefore, under the rule I have stated, it was not, in our judgment, error for the court below to allow the proof.

There is, however, another assignment of error made by counsel for appellants, which we think is serious. Among the items of set-off claimed by defendant in his bill of particulars is one, as follows: "For 14,241 lbs. corn delivered at Fort Stanton, in New Mexico; being a part of 40,000 lbs. of corn on account of contract of Z. Staab & Co., which amount has not been paid to defendant by plaintiffs, September 27, 1878, at 2¾ c. per lb., $391.62." Defendant was permitted to prove this item of corn delivered by him on account of plaintiffs, and their failure to pay him therefor. It is urged by appellants' counsel that it was error for the court to have permitted this evidence to go to the jury, without the defendant's first showing that the quartermaster of Fort Stanton had receipted to plaintiffs for the corn in question, such receipt being in accordance with the evidence of the defendant himself, a condition precedent to payment. We think that the point is well taken. Upon this subject the testimony of the defendant is as follows: (See page 154 of the record.) "*Question.* At the time that you signed that note, Mr. Garcia, (note in question,) what settlement or agreement did you have with Mr. Staab? *Answer.* I had an agreement that when the quartermaster had reported about all the corn that he would deduct the amount from my note." Further on, in answer to another question, (page 156 of record,) the defendant said: "My answer to that question is that I understood that he (Staab) would have to return the value of the corn when the quartermaster reported it."

J. Francisco Chaves, a witness for the defendant, testified (pages 22 and 23, record) that he was present when the disputed item for corn was discussed by plaintiffs and defendant, and further testified as follows: "Mr. Staab told him (Garcia) that there was twenty-five thousand and odd pounds of corn that had been credited to him already, but Mr. Garcia said, 'I can't accept that as the whole, because I took over forty thousand pounds to Fort Stanton.' Mr. Staab said he could not settle that matter until he heard from the quartermaster, and said: 'As soon as I hear from the quartermaster, you shall be credited with the full amount, whatever it may be.'"

No evidence whatever was offered to show that the quartermaster at Fort Stanton had ever receipted for the corn in question. It is clear from the defendant's evidence that it was not to be paid for until such receipt or voucher had been issued, and that without proof of its issuance he could not have maintained an action against the plaintiffs for its value. In the absence of some such proof he should not have been allowed to prove it as an offset to plaintiff's claim. Whether or not the jury allowed this item to the defendant in arriving at their verdict is not certain, but it cannot be said from the result that they did not. The evidence was allowed to go to them without proof of the condition precedent, and that, we think, was clearly error, for which the judgment below should be reversed and a new trial ordered.

(All concur.)